# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEDRIC EUGENE JOHNSON, CDCR #AZ-2648,<br><br>        Plaintiff,<br><br>vs.<br><br>JOHN DOE, et al.,<br><br>        Defendants. | Case No.: 3:17-cv-01309-WQH-WVG<br><br>**ORDER:** |

  Sedric Eugene Johnson ("Plaintiff"), incarcerated at Kern Valley State Prison located in Delano, California, is proceeding pro se in this case with a civil rights Complaint filed pursuant to 22 U.S.C. § 1983 on June 26, 2017 (ECF No. 1). In addition, Plaintiff has filed a "Declaration in Support of Complaint" (ECF No. 5).

  Plaintiff has not prepaid the $400 civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 4). He has also filed a Motion to Appoint Counsel (ECF No. 9).

**I. Motion to Proceed IFP**

  All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$400. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed., *see* 28 U.S.C. § 1915(b)(1)-(2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his Motion to Proceed IFP, Plaintiff has submitted a copy of his CDCR Inmate Statement Report (ECF No. 4 at 7), together with a prison certificate attesting as to his trust account activity. *Id.* at 4; *see* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff has had no money in his trust account for the six months preceding the filing of this action, and that he had a zero balance at the time of filing. *See* ECF No. 4 at 4-7.

"In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4); *see also*

1 | *Bruce*, 103 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Therefore, the Court grants Plaintiff's Motion to Proceed IFP (ECF No. 4), declines to "exact" any initial filing fee because his trust account statement shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Motion for Appointment of Counsel

Plaintiff also requests that the Court appoint him counsel due to his indigence and the "complexity" of the issues involved in this case. (ECF No. 9 at 1.)

There is no constitutional right to counsel in a civil case; and Plaintiff's Complaint does not demand that the Court exercise its limited discretion to request than an attorney represent him pro bono pursuant to 28 U.S.C. § 1915(e)(1) at this stage of the case. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Only "exceptional circumstances" support such a discretionary appointment. *Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and a demonstrated inability of the pro se litigant to articulate his claims in light of their legal complexity. *Id.*

As currently pleaded, Plaintiff's Complaint demonstrates that while he may not be formally trained in law, he nevertheless is fully capable of legibly articulating the facts and circumstances relevant to his claims, which are typical and not legally "complex." *Agyeman*, 390 F.3d at 1103. Moreover, for the reasons discussed below, Plaintiff has yet to show he is likely to succeed on the merits of the claims. Therefore, the Court DENIES Plaintiff's Motion for Appointment of Counsel (ECF No. 9).

**III. Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A(b)**

**A. Standard of Review**

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**B. Eighth Amendment Excessive Force Claims**

On August 3, 2016, Plaintiff was housed at Centinela State Prison ("CEN"). *See* ECF No. 1 at 3. On that date, Plaintiff entered the "chow hall" for breakfast. *Id.* As

Plaintiff approached the "chow hall" he "forgot" to remove his hat due to "feeling self-conscious about [his] hair." *Id.* A correctional officer directed his flashlight at Plaintiff which Plaintiff took as an instruction to remove the hat. *Id.* However, because Plaintiff did not receive a "direct acknowledgement" of the perceived order to remove his hat, he continued on into the "chow hall." *Id.* Once again, the unnamed correctional officer flashed his light at Plaintiff and "patt[ed] his head," indicating Plaintiff should remove his hat. *Id.* Plaintiff refused. *Id.*

The unnamed correctional officer "attempted" to grab Plaintiff's arm, advised Plaintiff that he was being escorted out of the area, and "denied service" to Plaintiff. *Id.* Plaintiff told this officer that he was "not a threat" and was able to "walk on [his] own behalf." *Id.* at 4. Even though Plaintiff was "obviously being compliant," he was "grabbed, slammed, and placed into restraints." *Id.* Plaintiff was then taken to the program office and placed in a "stand up cage." *Id.* Plaintiff was released back to his cell and no disciplinary report was issued. *Id.*

Any physical application of force against a person in custody, whether it be through brute strength, chemical or other weaponry, or mechanical restraint, may not be excessive. *See Whitley v. Albers*, 475 U.S. 312 (1986) (prison shooting); *Hudson v. McMillian*, 503 U.S. 1 (1992) (prison beating); *LeMaire v. Maass*, 12 F.3d 1444, 1450-53, 1457, 1460 (9th Cir. 1993) (prison's use of in-shower and in-cell leg and waist restraints). "That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 10 (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). In order to violate the Eighth Amendment, the Defendant must use force which is "unnecessary" and "wanton." *Whitley*, 475 U.S. at 319. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." *Id*.

5

3:17-cv-01309-WQH-WVG

Thus, a constitutional violation can only be established if force was used "maliciously and sadistically for the purpose of causing harm." *Id.*; *see also Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (claims that an official has inflicted cruel and unusual punishment contain both an objective component as well as a subjective "inquiry into the prison official's state of mind"). Here, the Court finds that Plaintiff's claims, due in part to a lack of sufficient factual allegations, fail to rise to the level of an Eighth Amendment violation. There are no factual allegations from which the Court could find that any of the named Defendants acted with malicious or sadistic intent.

Accordingly, the Court finds that Plaintiff has failed to state an Eighth Amendment against any of the named Defendants, and that these claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### C. Eighth Amendment Conditions of Confinement Claim

Plaintiff claims that an unnamed Correctional Sergeant denied him a "day's portion of lunch and breakfast which the Court construes as an Eighth Amendment conditions of confinement claim." ECF No. 1 at 2. To state a claim for cruel and unusual punishment, however, Plaintiff must allege facts sufficient to show that the conditions of his confinement subjected him to "unquestioned and serious deprivations of basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991). The Eighth Amendment "does not mandate comfortable prisons," and conditions imposed may be "restrictive and even harsh." *Rhodes*, 452 U.S. at 347, 349. Adequate food is a basic human need protected by the Eighth Amendment. *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). However, prison food need only be "adequate to maintain health." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993); *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996).

The Ninth Circuit has held that the "sustained deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose." *Foster v. Runnels*, 554 F.3d 807, 812-13 (9th Cir. 2009) (the denial of 16 meals in 23 days is a

violation of the Eighth Amendment). Here, Plaintiff claims he was denied two meals on the same day which are insufficient allegations to show that he had a "sustained deprivation" of nutrition that would rise to the level of an Eighth Amendment violation.

## IV. Conclusion and Order

Based on the foregoing, the Court:

1) GRANTS Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 4).

2) DIRECTS the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3) DIRECTS the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4) DENIES Plaintiff's Motion for Appointment of Counsel (ECF No. 9).

5) DISMISSES Plaintiff's Complaint sua sponte for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

6) GRANTS Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

The Court DIRECTS the Clerk of the Court to provide Plaintiff with a blank copy

1 | of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for Plaintiff's use and
2 | to assist him in complying with LR 8.2.a's requirements.
3 |     IT IS SO ORDERED.
4 | Dated: October 18, 2017

*[signature]*
Hon. William Q. Hayes
United States District Court