UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SEDRIC EUGENE JOHNSON,
CDCR #AZ-2648,

                              Plaintiff,

        vs.

JOHN DOE, et al.,

                              Defendants.

Case No.:  3:17-cv-01309-WQH-WVG

**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONETARY DAMAGES AGAINST IMMUNE DEFENDANTS**

HAYES, Judge:

## I.      Procedural History

        On June 26, 2017, Sedric Eugene Johnson ("Plaintiff"), incarcerated at Kern Valley State Prison located in Delano, California, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1).  In addition, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 4), as well as a Motion to Appoint Counsel (ECF No. 9).

1

1  The Court GRANTED Plaintiff's Motion to Proceed IFP, DENIED his Motion for

2  Appointment of Counsel, and sua sponte DISMISSED his Complaint pursuant to 28

3  U.S.C. § 1915(e)(2) & § 1915A for failing to state a claim upon which relief could be

4  granted. (ECF No. 14). Plaintiff was provided leave to file an amended pleading in order

5  to correct the deficiencies of pleading noted in the Court's Order. *Id.* On December 18,

6  2017, Plaintiff filed his First Amended Complaint ("FAC") (ECF No. 18).

7  **II.    Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

8       A.    Standard of Review

9       Because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-

10  answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these

11  statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of

12  it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants

13  who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

14  (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir.

15  2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that

16  the targets of frivolous or malicious suits need not bear the expense of responding.'"

17  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

18       "The standard for determining whether a plaintiff has failed to state a claim upon

19  which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

20  Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668

21  F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th

22  Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard

23  applied in the context of failure to state a claim under Federal Rule of Civil Procedure

24  12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter,

25  accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

26  556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

27

28

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

## B. Eighth Amendment Excessive Force Claims

On August 3, 2016, Plaintiff was housed at Centinela State Prison. *See* ECF No. 18 at 3. Plaintiff exited his cell and was "enroute" to the "chow hall" for breakfast. *Id.* Plaintiff claims it is "typical that we remove all head gear" but Plaintiff "decided to wear" his head gear because he "felt obligated to hide wounds" from an incident that had occurred the day before.[1] *Id.* Plaintiff claims he was "mentally and emotionally, as well as physically distraught" from the "amount of damage" he sustained the day prior as a result of "multiple blows" to his face. *Id.* Plaintiff further claims he did not know "whom to trust" as a result of the previous incident. *Id.*

As Plaintiff entered the "chow hall," he was "flashed (with his flashlight)" by Defendant John Doe "Correctional Officer B #2 Floor Officer." *Id.* Plaintiff took this as a warning to remove his head gear but he acknowledges he "simply ignored" the warning. *Id.* Plaintiff was, "once again," told verbally to remove his head gear which he again "disregarded." *Id.* After Plaintiff received his tray and walked towards the seating area, he was "again warned by the same Officer" but Plaintiff "shook [his] head and

---

[1] The claims regarding the incident Plaintiff alleges occurred on August 2, 2016 at Centinela State Prison are the subject of a separate lawsuit Plaintiff has filed and are not part of this action. *See Johnson v. Doe, et al.*, S.D. Cal. Civil Case No. 3:17-cv-00889-LAB-JLB.

proceeded to mind [his] own business." *Id.* at 4. Plaintiff "guess[es]" that Defendant Doe "took offense" and "approached Plaintiff" in what Plaintiff felt was an "aggressive manner." *Id.*

Plaintiff claims Defendant Doe "grabbed" his elbow and "directed "Plaintiff that if he chose "not to remove [his] head gear," the officer would "deny [Plaintiff] service." *Id.* Plaintiff alleges he "threw [his] hands up" and "point blank" told Defendant Doe "not to touch [him]." *Id.* Plaintiff and Defendant Doe "had a discussion" after which Plaintiff "agreed to leave" and Defendant Doe "tried to grab" Plaintiff but Plaintiff "withdrew" his hand and proceeded to leave the dining area. *Id.*

Plaintiff alleges that he was walking away from the discussion but Defendant Doe followed "behind" him. *Id.* Plaintiff claims that he was "compliant" at all times and "never directed any signs of aggression" towards Defendant Doe. *Id.* Plaintiff then claims he was "grabbed (from behind), tripped, and forcefully placed into restraints." *Id.* Plaintiff was "escorted" to the "facilities program office" and placed in a "stand up cage." *Id.* at 5. An interview was conducted and Plaintiff's injuries from the incident that occurred the day before were noted. *See id.* Plaintiff claims to have "suffered more so mentally and emotionally from that altercation." *Id.*

The "core judicial inquiry," when a prisoner alleges the excessive use of force under the Eighth Amendment, is "not whether a certain quantum of injury was sustained, but rather "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. at 1, 7 (1992); *see also Whitley v. Albers*, 475 U.S. 312, 319-321, (1986). "When prison officials maliciously and sadistically use force to cause harm," the Supreme Court has recognized, "contemporary standards of decency always are violated . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some

4

arbitrary quantity of injury." *Hudson*, 503 U.S. at 9. Thus, "[i]n determining whether the use of force was wanton and unnecessary," the court must "evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id*. at 7 (internal quotation marks and citations omitted).

In *Hudson*, the Supreme Court set forth five factors to be considered in determining whether the use of force was in good faith or with malicious and sadistic intent: (1) the threat the officials reasonably perceived; (2) the need for the use of force; (3) the efforts made to minimize the force used; (4) the relationship between the need for using force and the amount of force used; and (5) the degree of injury inflicted. Id.

Here, Plaintiff alleges that he was "grabbed, tripped, and forcefully placed into restraints." (ECF No. 18 at 4). Any physical application of force against a person in custody, whether it be through brute strength, chemical or other weaponry, or mechanical restraint, may not be excessive. *See Whitley*, 475 U.S. at 325. "That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 10 (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights")).

Plaintiff acknowledges that he repeatedly refused to comply with the multiple orders issued by Defendant Doe. Plaintiff acknowledges that he was not physically injured in this alleged altercation, but "suffered more so mentally and emotionally." (ECF No. 18 at 5). Based on the allegations in Plaintiff's FAC, the Court finds that there are insufficient factual allegations to find that Defendant "B-Yard #2 Floor Officer John Doe" acted maliciously and sadistically for the very purpose of causing harm. Therefore, the claims against Defendant "B-Yard #2 Floor Officer John Doe" are dismissed for

5

failing to state a claim upon which relief could be granted.

Accordingly, the Court finds that Plaintiff has failed to state an Eighth Amendment against any of the named Defendants, and that these claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### C.   Eleventh Amendment

Finally, the Court finds that to the extent Plaintiff names the Centinela State Prison as a Defendant in this action, his claims must be dismissed sua sponte pursuant to both 28 U.S.C. § 1915(e)(2) and § 1915A(b) for failing to state a claim and for seeking damages against a defendant that is immune.  The State of California's Department of Corrections and Rehabilitation and any state prison, correctional agency, sub-division, or department under its jurisdiction, are not "persons" subject to suit under § 1983.  *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001) (citing *Hale v. State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state department of corrections is an arm of the state, and thus, not a "person" within the meaning of § 1983)).  In addition, to the extent that plaintiff seeks to sue the State of California itself for monetary damages, his claims are clearly barred by the Eleventh Amendment.  *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) ("There can be no doubt . . . that [a] suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit.").

Therefore, the claims against Defendant Centinela State Prison are dismissed from this action for failing to state a claim and for seeking monetary damages against immune defendants.

### D.   Leave to Amend

Because Plaintiff has already been provided a short and plain statement of his Eighth Amendment pleading deficiencies, as well as an opportunity to amend those

claims to no avail, the Court finds granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

## III. Conclusion and Order

For the reasons discussed, the Court:

1) DISMISSES this civil action without further leave to amend for failure to state a claim upon which § 1983 relief can be granted and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1);

2) CERTIFIES that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

3) DIRECTS the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: February 12, 2018

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court